IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | Criminal Action No. |
| vs. § | 3:19-CR-132-S |
| § | |
| TIMOTHY NIGO § | |

### FINDINGS, CONCLUSION AND RECOMMENDATION

By electronic order dated July 12, 2019 (doc. 15), before the Court for recommendation is the *Petition for Offender Under Supervision*, filed May 20, 2019 (doc. 4). The defendant appeared in person and through counsel for a final revocation hearing on October 22, 2019. After consideration of the filings, evidence, testimony, oral argument, and applicable law, the defendant's term of supervised release should be **REVOKED**.

### I. BACKGROUND

Timothy Nigo (Defendant) was charged by superseding indictment with conspiracy to distribute 500 grams or more of cocaine (Count 1), distribution of cocaine (Counts 2 and 3), and possession with intent to distribute cocaine (Count 4) in the Eastern District of Virginia, Alexandria Division. (*See* doc. 2 at 4, 9-13.) He pleaded guilty to all four counts, and on July 16, 2010, he was sentenced to concurrent sentences of 120 months custody, to be followed by a five-year term of supervised release, on each of the four counts. (*See id.* at 5, 14-19.) He began his concurrent terms of supervised release on December 27, 2018, and jurisdiction was transferred to the Northern District of Texas on March 14, 2019. (*See* docs. 2, 4.)

A. **Alleged Violations**

On May 16, 2019, the supervising United States Probation Officer (USPO) submitted a petition for offender under supervision (Petition) alleging the following violations:

1.   *Standard Condition No. 7; Special Condition No. 1*

**Violation of Standard Condition No. 7**
The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician.

**Violation of Special Condition No. 1**
The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol with partial costs to be paid by the defendant, all as directed by the probation officer.

> **Nature of Noncompliance**
> Timothy Nigo violated these conditions of supervised release by using amphetamines in or about January 2019. On January 25, 2019, Mr. Nigo submitted a urine specimen at the U.S. Probation Office, in Dallas, Texas, that tested and confirmed positive for methamphetamine. Mr. Nigo denies use of methamphetamine.
>
> Mr. Nigo violated these conditions of supervised release by using amphetamines in or about March 2019. On March 19, 2019, Mr. Nigo submitted a urine specimen at the U.S. Probation Office, in Dallas, Texas, that tested and confirmed positive for methamphetamine. Mr. Nigo denies use of methamphetamine.
>
> Mr. Nigo violated these conditions of supervised release by using amphetamines in or about April 2019. On April 23, 2019, Mr. Nigo submitted a urine specimen at contract vendor, Homeward Bound, Incorporated (HBI), in Dallas, Texas, that tested positive for methamphetamine. Mr. Nigo denies use of methamphetamine.

2.  *Special Condition No. 1*

**Violation of Special Condition No. 1**
The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol with partial costs to be paid by the defendant, all as directed by the probation officer.

> **Nature of Noncompliance**
> Mr. Nigo violated this condition of supervised release by failing to submit to drug testing at HBI, in Dallas, Texas, on January 17, 23, February 4, 12, 28, March 8, April 11, and May 7, 2019.

*3. Special Condition No. 2*

**Violation of Special Condition No. 2**
The defendant shall participate in mental health treatment as directed by the probation officer.

**Nature of Noncompliance**
Mr. Nigo violated this condition of supervised release by failing to participate in mental health treatment at Centro di me Salud (CDMS), in Dallas, Texas, on May 8, 9, and 14, 2019.

*4. Standard Condition No. 3*

**Violation of Standard Condition No. 3**
The defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer.

**Nature of Noncompliance**
Mr. Nigo violated this condition of supervision by failing to follow the instructions of the probation officer. On May 13, 2019, SUSPO Ross instructed Mr. Nigo to report to the U.S. Probation Office, in Dallas, Texas, on May 14, 2019, for a drug test. Mr. Nigo failed to report to the office as instructed.

(*See* doc. 4.)

On May 20, 2019, the Court issued a warrant for Defendant's arrest based on the Petition. (*See* docs. 4, 5.) He was arrested and made his initial appearance in this district on July 5, 2019. (*See* doc. 7.) On that date, he waived his rights to a preliminary hearing under Fed. R. Civ. P. 32.1 and to a detention hearing, and was ordered detained pending a revocation hearing. (*See* docs. 10-12.)

**B.   Revocation Hearing**

After two continuances, Defendant appeared with counsel for a final revocation hearing on October 22, 2019. (*See* docs. 16, 18-22.) After his competence was established, Defendant testified under oath that he understood the violations alleged in the Petition and the range of punishment for those violations. He understood that he had the right to plead not true and have a

3

hearing concerning whether he committed those violations. He understood that revocation was mandatory based on his alleged refusal to comply with drug testing. Despite his understanding, Defendant knowingly and voluntarily consented to enter a plea of true to the violations alleged in the Petition before a United States Magistrate Judge. (*See* doc. 23.) He sought to be heard, however, on the issue of whether his supervised release should be revoked.

The supervising USPO testified that Defendant has been offered mental health and substance abuse counseling but did not participate. A thirty-day residential treatment program was not offered to him. Defendant absconded from supervision in April 2019, and his whereabouts were unknown until his arrest in July 2019. The officer went to his house, talked to his mother, and sent text messages to Defendant, to which he sometimes responded days later. She instructed him to report, but he did not. She acknowledged that he had transportation issues.

Defendant's common law wife testified that Defendant has memory lapses and passes out at times. His health and ability to remember resulted in his positive urine samples and difficulty in making appointments. She lived with her mother in Fort Worth, and Defendant could stay with her. He had committed no new crimes or engaged in predatory behavior.

Defendant argued for an exception to mandatory revocation, and in the alternative, for a sentence of time served from his initial arrest on July 5, 2019, with additional outpatient treatment at the Salvation Army.

At the conclusion of the hearing, it was recommended that the plea of true be accepted by the district judge, that Defendant's term of supervised release be revoked, and that he be sentenced to an additional term of imprisonment of 8 months on each count, to run concurrently, with no additional term of supervised release. Defendant was advised of his right to appear and speak, and

to have his counsel appear and speak, before the assigned district judge prior to sentence being imposed. At that time, Defendant elected not to waive his right to appear before the district judge and accept the recommended sentence.

## II. ANALYSIS

Section 3583(e)(3) of Title 18 provides that after considering the factors set out in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), a court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). The relevant factors in § 3553(a) to be considered are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>    ***
>  (B) to afford adequate deterrence to criminal conduct;
>  (C) to protect the public from further crimes of the defendant; and
>  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>    ***
> (4) the kinds of sentence and the sentencing range established for--
>  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>   (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>   (ii) that, except as provided in section 3742(g), are in effect on the date the

>> defendant is sentenced; or
>> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
> (5) any pertinent policy statement--
>> (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>> (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a), 3583(e)(3).[1] Revocation of a term of supervised release is mandatory if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or tests positive for illegal controlled substances more than three times over the course of one year. 18 U.S.C. § 3583(g).

Based on his knowing and voluntary plea of true to the violations alleged in the Petition, Defendant has violated his conditions of supervised release, and revocation of his supervised release is mandatory. Although he argued for an exception to mandatory revocation, or in the alternative, for a sentence of time served and treatment, neither is warranted under the facts of this case. Within one month of beginning his term of supervised release, he tested positive for methamphetamine but denied use. Within three months, he had again tested positive for

---

[1] The Fifth Circuit Court of Appeals has held that courts may not consider the factors listed in § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011). Nor may courts impose or lengthen a prison term in order to foster a defendant's rehabilitation. *United States v. Tapia*, 131 S.Ct. 2382 (2011).

methamphetamine twice and again denied use. He has failed to comply with treatment and failed to report when instructed to do so by his supervising officer. Because Defendant has been unable or unwilling to follow his conditions of supervised release, after considering the relevant factors identified in § 3583(e) that are set forth in § 3553(a), a term of incarceration is warranted to appropriately address his violations.

As set out in the Petition, the statutory maximum term of incarceration upon revocation of Defendant's supervised release is 5 years for Count 1, and 2 years for Counts 2-4. (*See* doc. 4 at 4, citing 18 U.S.C. § 3583(e)(3).) Based upon a violation grade of C and a criminal history category of VI, the resulting range of imprisonment under United States Sentencing Guideline (USSG) § 7B1.4(a) is 8 to 14 months per count. (*Id.*) Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation, but the maximum term of supervised release must not exceed the term of supervised release authorized by state for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. (*Id.*, citing 18 U.S.C. § 3583(h); *U.S v. Jackson*, 559 F.3d 368 (5th Cir. 2009).) Defendant is subject to a maximum term of supervised release of up to life, minus any revocation sentence. (*Id.*)

Here, a sentence of 8 months on Counts 1-4, to run concurrently, and with no additional term of supervised release to follow, would accomplish the relevant sentencing objectives, as identified in § 3583(e)(3) and set forth in § 3553(a).

### III. RECOMMENDATION

The defendant's term of supervised release should be **REVOKED**, and he should be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of

**EIGHT (8) MONTHS** as to each of Counts 1-4, with all counts to run concurrently, and with no additional term of supervised release to follow. The defendant should receive credit for time served.

**SO RECOMMENDED on this 18th day of November, 2019.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE